IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR. NO. 16-00324 JMS |
| Plaintiff, | CR. NO. 16-00451 JMS |
| v. | ORDER DENYING DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)(i) |
| JUSTIN AGUSTIN, | |
| Defendant. | |

**ORDER DENYING DEFENDANT'S MOTION FOR REDUCTION OF
SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)(i)**

Before the court is pro se Defendant Justin Agustin's ("Defendant") March 19, 2026, "Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i)."  ECF No. 70 in Cr. No. 16-00324 JMS and ECF No. 319 in Cr. No. 16-00451 JMS.[1]  For the following reasons, the Motion is DENIED without prejudice to refiling with proof of proper exhaustion.

Defendant raises two grounds in support of his Motion: (1) his elderly mother is ill and Defendant is the only family member available to provide care to her; and (2) he was given an unusually long sentence of 150 months.  ECF No. 319

---

[1] Defendant was charged in two separate cases which were consolidated for sentencing. In total, Defendant received a sentence of 150 months in each case, to run concurrently.  *See* ECF No. 63 in Cr. No. 16-00324 JMS and ECF No. 181 in Cr. No. 16-00451 JMS.  Although Defendant filed the instant motion only in Cr. No. 16-00451 JMS, the court filed the motion in both cases.  All references in this Order are to the docket in Cr. No. 16-00451 JMS.

at PageID.2688. He further claims that he has engaged in substantial rehabilitative efforts and is no longer a danger to the community. *Id*. In response, the government claims, in part, that Defendant has failed to exhaust his administrative remedies. *See* ECF No. 322.[2]

Ordinarily, "a federal court 'may not modify a term of imprisonment once it has been imposed.'" *United States v. Wright*, 46 F.4th 938, 944 (9th Cir. 2022) (quoting *United States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021), and 18 U.S.C. § 3582(c)). Congress created a limited exception for modifying the sentence of a federal inmate who files a motion for "compassionate release" satisfying the substantive and procedural requirements of 18 U.S.C. § 3582(c)(1)(A). Section 3582(c)(1)(A) provides in relevant part:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable, if it finds that—
>     (i) extraordinary and compelling reasons warrant such a reduction;
>
> . . . .

---

[2] Defendant was afforded an opportunity to file a reply, but he failed to do so. *See* ECF No. 320 (providing Defendant the option to file a reply brief by April 30, 2026); ECF No. 324 (providing Defendant a further opportunity to file a reply brief by June 5, 2026).

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

A defendant is required to exhaust all available administrative remedies before seeking relief before a court. 18 U.S.C. § 3582(c)(1)(A).  The burden rests with a defendant to establish that administrative remedies have been exhausted.  *Glenn v. United States*, 2026 WL 92833, at *4 (D. Haw. Jan. 12, 2026); *United States v. Gale*, 2025 WL 3653773, at *1 (D. Or. Dec. 17, 2025); *United States v. Tillisy*, 2025 WL 879716, at *2 (W.D. Wash. Mar. 21, 2025); *United States v. Rios*, 2021 WL 141238, at *2 (D. Haw. Jan. 14, 2021).

This exhaustion requirement is "a mandatory claim-processing rule that must be enforced when properly invoked."  *Keller*, 2 F.4th at 1282; 18 U.S.C. § 3582(c)(1)(A).  In other words, if raised by the government in opposition to a motion for compassionate release, the exhaustion requirement must be enforced, but if the government does not raise the exhaustion requirement, it may be waived. Here, the government has properly invoked Defendant's failure to exhaust.  *See* ECF No. 322 at PageID.2734–2736.

To satisfy § 3582(c)(1)(A)'s exhaustion requirement, a defendant must submit a request to the BOP that explains the basis for the relief sought and

3

provides a proposed release plan.  *See* 28 C.F.R. § 571.61(a)(1)–(2);[3] *Keller*, 2 F.4th at 1282.  Generally, "if the basis for compassionate release is not presented to the BOP, the BOP has no ability to address the request on its merits, meaning the prisoner's claim cannot be exhausted."  *United States v. Kanohokula*, 572 F. Supp. 3d 895, 900 (D. Haw. 2021).

In his Motion, Defendant states that "[o]n or about July 29, 2024, [he] submitted a formal request for compassionate release to his institution's Warden. In the request [Defendant] specifically raised the issues asserted herein as a basis for his early release from custody."  ECF No. 319 at PageID.2690.  Defendant claims that the Warden denied his request on August 15, 2024, and then refers to Exhibit A to his motion, which he calls an "Administrative Remedy Packet."  *Id*. But Exhibit A does not relate to a request for compassionate release, does not include a July 29, 2024 request for compassionate release, and does not include an August 15, 2024 response from the Warden.  Instead, it contains a July 11, 2024,

---

[3]  This regulation states:

The inmate's request shall at a minimum contain the following information:

(1) The extraordinary or compelling circumstances that the inmate believes warrant consideration.
(2) Proposed release plans, including where the inmate will reside, how the inmate will support himself/herself, and, if the basis for the request involves the inmate's health, information on where the inmate will receive medical treatment, and how the inmate will pay for such treatment.

28 C.F.R. § 571.61(a).

4

"Inmate Request to Staff Response," stating that "[t]his is in response to your request regarding early application of your FTC as a Medium Recidivism Level inmate."  ECF No. 319-2 at PageID.2714.  As the United States points out, "FTC" refers to First Step Act time credits, not compassionate release.  ECF No. 322 at PageID.2734; *see also* Bureau of Prisons First Step Act Approved Programs Guide ("Programs Guide"), available at https://www.bop.gov/inmates/fsa/docs/fsa_guide_eng_2023.pdf [https://perma.cc/UG4M-YHZV].  FTCs "may be applied toward prerelease custody (i.e., community placement in and residential reentry center or home confinement) or early transfer to supervised release with United States Probation."  Programs Guide at 3.  Defendant's request for FTC is unrelated to his request for compassionate release.[4]  In short, Defendant has not met his burden to prove that he exhausted his administrative remedies.  *See e.g., United States v. Curney*, 591 F. Supp. 3d 217, 218 (E.D. Mich. 2021) (denying motion for compassionate release without prejudice where the defendant's motion failed to

---

[4]  Moreover, the age of the alleged request—some 18 months before this Motion was filed—indicates that circumstances could have materially changed since the request.  *See, e.g., United States v. Newell*, 2020 WL 1820268, at *2 (D. Neb. Apr. 9, 2020) ("This Court interprets § 3582(c)(1)(A), as amended by the First Step Act, to require a defendant to exhaust his administrative remedies in reasonable proximity to the filing of any motion seeking a judicial modification of sentence."); *United States v. Smith*, 460 F. Supp. 3d 783, 798 (E.D. Ark. 2020) (requiring "a reasonable proximity between a defendant's administrative exhaustion and the filing of his motion").

include proof of attempts to exhaust); *United States v. Posey*, 2020 WL 3103850, at *2 (W.D. Wash. June 11, 2020) (finding a bare assertion of exhaustion to be inadequate).[5]

For the foregoing reasons, Defendant's Motion for Compassionate Release is DENIED without prejudice to refiling with proof of proper exhaustion.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, June 15, 2026.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

---

[5]  Although it is possible that Defendant attached the incorrect paperwork to Exhibit A, he was given an opportunity to file a reply and correct the record, but he failed to do so.  Of course, if Defendant has exhausted his administrative remedies (but failed to provide any evidence of exhaustion to the court), he may refile his motion with proof of proper exhaustion.